STATE, JOHN K. ZEIGLER, PROSECUTOR, v. GEORGE R. GADDIS.

1. The act to amend and revise the charter of the town of Lambertville, passed April 15th, 1868, (*Pamph. L., p.* 963, § 26,) which gives to the common council the sole and exclusive power to grant licenses to persons to keep inns and taverns within said town, is not repealed by the act passed March 13th, 1879, entitled "A supplement to an act entitled 'An act concerning inns and taverns,' approved April 17th, 1846."

2. The latter law, giving the Courts of Common Pleas the power to grant such licenses, being restricted to cities, towns and counties by populations which indicate but three small towns in one county, without any apparent distinction which will, in any reasonable degree, account for such restricting, is unconstitutional, being a private, local or special law, regulating the internal affairs of towns and counties.

---

On *certiorari* to the Court of Common Pleas of Hunterdon county.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the prosecutor, *Charles A. Skillman.*

The opinion of the court was delivered by

SCUDDER, J.   At September Term, 1881, the Court of Common Pleas of Hunterdon county granted to George A. Gaddis a license to keep an inn and tavern in the city of Lambertville.   By an act to amend and revise the charter of the town of Lambertville, approved April 15th, 1868, (*Pamph. L., p.* 963, § 26,) the sole and exclusive power to grant licenses to persons to keep inns and taverns within said town, was vested in the common council.   This act repealed, *pro tanto*, the general act concerning inns and taverns, approved April 17th, 1846, by which the judges of the Inferior Court of Common Pleas in and for the several counties of the state, were authorized to grant licenses to persons to keep inns and taverns within the limits of the town of Lambertville.   The common council has exercised this power given them by the charter until an act was passed March 13th, 1879, entitled "A supplement to an act entitled 'An act concerning inns and taverns,' approved April 17th, 1846."   This enacts that thereafter in all incorporated cities having a population of not less than four thousand, and not exceeding a population of six thousand, and in towns having a population less than one thousand, in counties of this state, such counties having a population of not less than thirty-seven thousand, and not exceeding forty thousand by the census of 1875, the license to keep inns and taverns, ale and beer saloons, shall be granted by the Inferior Court of Common Pleas of the county wherein such city and towns are located, &c.

The second section repeals all acts and parts of acts inconsistent therewith.   Under this act the Court of Common Pleas of Hunterdon county have granted this license.   It is claimed that this repealing act is within the constitutional prohibition that the legislature shall not pass private, local or special laws regulating the internal affairs of towns and counties, (sec. 7, art. II.); and the further affirmative direction, that the legislature shall pass general laws providing for the cases enumerated in this paragraph, and for all other cases which, in its judgment, may be provided for by general laws.

Zeigler v. Gaddis.

Is this supplement of 1879 a general law, or a private, local or special law, regulating the internal affairs of towns and counties? If operative, the act takes from the common council of the city of Lambertville the charter right to control the granting of licenses to keep inns and taverns, and gives to the Court of Common Pleas the power to regulate this important internal affair of the city. That it is an internal affair, is shown by the fact that by the excise imposed on licenses they are a source of revenue to the city ; and by the restriction in the number and the control of the conduct of places where intoxicating drinks are sold, a power is exercised in the nature of a police regulation, affecting the peace and good order of the community. But there is no prohibition to legislation regulating the internal affairs of municipalities unless the law be private, local or special, as opposed to a general law. Since the passage of this amendment to the constitution, which went into effect September 25th, 1875, there have been several decisions in our courts, giving its construction and application to acts of the legislature. *Bingham* v. *Camden,* 11 *Vroom* 156 ; *Pell* v. *Newark,* 11 *Vroom* 71, 550 ; *Van Riper* v. *Parsons,* 11 *Vroom* 1, 123 ; *Rutgers* v. *New Brunswick,* 13 *Vroom* 51 ; *State, ex rel. Richards,* v. *Hammer,* 13 *Vroom* 435 ; *Tiger* v. *Morris Pleas,* 13 *Vroom* 631 ; *Worthley* v. *Steen,* 14 *Vroom* 542.

It is established by these cases that the purpose of this amendment is to secure uniformity in the laws for the government of the municipal corporations and political divisions of the state. The uniformity that is thus sought can only be broken by classifications of these bodies that are founded on substantial differences, such as are not illusory or fraudulent in their character. It is said in Richards v. Hammer, that "the marks of distinction on which the classification is founded must be such in the nature of things as will, in some reasonable degree at least, account for and justify the restriction of the legislation." In brief, there must be a true, substantial classification, and not a hidden specification. As in the case last cited, the descriptive words, "in any city of this state

where a board of assessment and revision of taxes now exists," &c., were found to be only applicable to the cities of Elizabeth and Newark, so in this case the populations given in the act of 1879, on comparison with the census, limit the description to the counties of Warren and Hunterdon; and to the city of Lambertville, and the towns of Frenchtown and Clinton, all in the county of Hunterdon. This circumlocution and ostensible classification set forth in the act is, therefore, demonstrated to be aimed at these three small municipalities in the whole state. There is no suggestion of a distinction which will in any reasonable degree account for and justify this restriction of legislation to these three localities, and the attempt to do, by indirection, what it is apparent could not be done by a direct and specific description of the purpose of the act, must fail in taking from these corporations the right to control the licenses of inns and taverns within their corporate limits where such power has been given by charter.

The order of the Court of Common Pleas granting the license, and the license granted, are vacated. without costs.